IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE SCHNURR,

                Plaintiff,

v.

LELAND DUDEK,[1]
Acting Commissioner of the Social Security
Administration,

                Defendant.

OPINION and ORDER

23-cv-509-jdp

---

      Plaintiff Lee Schnurr seeks judicial review of a final decision of defendant Leland Dudek, Acting Commissioner of the Social Security Administration, finding that Schnurr was not disabled within the meaning of the Social Security Act prior to September 27, 2022. Schnurr contends that the administrative law judge (ALJ) failed to adequately incorporate Schnurr's hearing limitations and difficulties stooping and handling into his residual functional capacity (RFC). Specifically, Schnurr contends that the ALJ committed two errors: (1) she played doctor in determining that Schnurr could tolerate moderate noise levels; and (2) she improperly evaluated Schnurr's subjective complaints.

      The court concludes that the ALJ adequately explained her reasoning for the restrictions she included in the RFC. The ALJ's finding that Schnurr was not disabled prior to September 27, 2022, is supported by substantial evidence, so the court will affirm the commissioner's decision.

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

BACKGROUND

In December 2019, Schnurr applied for disability benefits, alleging that he had been unable to work since October 2019 because of arthritis in multiple joints, neuropathy in his upper extremities, scoliosis, sciatica, degenerative disc disease in his back and neck, chronic obstructive pulmonary disease (COPD), and vision problems. R. 462.[2] After the local disability agency denied his claim initially and on reconsideration, Schnurr had an administrative hearing before ALJ Ahavaha Pyrtel. In an August 2021 decision, ALJ Pyrtel denied Schnurr's claim. But in April 2022, the Appeals Council vacated the decision and remanded Schnurr's application to the ALJ, with directions to consider new evidence concerning Schnurr's hearing loss and to reconsider his residual functional capacity (RFC). R. 209.

The ALJ held a second administrative hearing on August 18, 2022, at which Schnurr was represented by counsel. Regarding his hearing loss, Schurr testified that even when he used his hearing aids, he experienced background noise that sometimes made it difficult for him to understand people. R. 73–74. Schnurr also testified about ongoing problems with his hands, arms, and back. Schnurr said that he needed help putting on his socks because he could not bend over far enough, R. 75, and that he had difficulties handling and fingering objects. R. 78–79. Specifically, Schnurr testified that he couldn't "get a good grip" to pick things up, and that his hand would sometimes "open up automatically," causing him to drop things he was holding. *Id.*

In a September 27, 2022, decision, the ALJ found that Schnurr was not disabled from his alleged onset date to July 17, 2022, which was six months before he turned 55 years old.

---

[2] Record cites are to the administrative transcript located at Dkt. 5.

R. 36–48. The ALJ found that Schnurr had the severe impairments of degenerative disc disease of the cervical and lumbar spine, COPD, and peripheral neuropathy. R. 39. But she found that prior to July 17, 2022, Schnurr had the residual functional capacity to perform light work except that he could:

> [O]ccasionally reach overhead to the left or right; occasionally climb ramps or stairs[,] stoop, kneel, crouch, or crawl, but can never climb ladders, ropes, or scaffolds; occasionally work in humidity and wetness, dust or, odors, fumes, pulmonary irritants, or extreme heat or cold; and can work in up to moderate noise.

R. 40. Based on testimony from a vocational expert, the ALJ concluded that Schnurr could not perform any of his past relevant work as a production worker, die casting supervisor, or industrial truck operator, but that he could perform other jobs available in significant numbers in the national economy, including as a marker, mail clerk, and office helper. R. 45–46. All of the jobs identified by the ALJ were those in which the noise level was rated as "moderate." The Appeals Council revised the date of disability onset to September 27, 2022, but otherwise affirmed the ALJ's decision. R. 11–16.

Schnurr now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Schnurr raises two issues with the ALJ's determination of his RFC. First, Schnurr contends that the ALJ failed to point to any medical evidence that he could tolerate moderate noise. Second, Schnurr contends that the ALJ improperly rejected his subjective account of difficulties stooping and handling objects.

**A. Noise tolerance**

Schnurr contends that the ALJ erred by determining that Schnurr could tolerate moderate noise without relying on any medical opinions. Schurr says that the ALJ "played doctor" by drawing her own conclusions about Schnurr's hearing abilities from the medical evidence.

Schnurr's arguments about his noise tolerance have a fundamental problem, which is that Schnurr fails to point to any evidence in the record indicating greater limitations than what the ALJ found. Schnurr bears the burden of establishing the functional limitations that prevent him from working. *Streikus v. O'Malley*, No. 22-2484, 2024 WL 983568 (7th Cir. Mar. 7, 2024) (citing *Durham v. Kijakazi*, 53 F.4th 1089, 1096 (7th Cir. 2022) and citing *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005)). The only evidence in the record about Schnurr's noise tolerance is his diagnosis of bilateral hearing loss, his prescription for hearing aids, and his statements that his hearing aids did not fully correct his hearing, that his left ear was better than his right, and that he sometimes had to turn his head to hear better or ask people to repeat themselves. R. 40–41; 72–74; 77. None of this is inconsistent with the ALJ's determination that Schnurr could work in a moderate noise environment.

Schnurr argues that the ALJ's determination is inconsistent with his testimony that he might have "problems" hearing normal conversations in a restaurant or a busy office

4

environment. R. 77–78. But testimony about medical problems does not establish that those problems preclude a claimant from working. *See Thorlton v. King*, 127 F.4th 1078, 1082 (7th Cir. 2025). Schnurr's testimony that he had "problems" hearing in some moderate noise environments is not inconsistent with the ALJ's determination that he could still work in those types of environments, particularly in light of Schnurr's statements that he could manage his hearing problems by turning his head to hear better or asking people to repeat themselves. R. 73–74.

Schnurr has not identified any evidence in the record suggesting that his functional limitations related to his hearing loss are greater than what the ALJ determined. He is not entitled to a remand on the noise tolerance issue.

## B. Difficulties stooping and handling

Schnurr challenges the ALJ's refusal to fully credit his subjective allegations of disabling limitations in his ability to stoop and to handle and finger objects.

In assessing a claimant's subjective symptoms, the ALJ must consider whether the claimant's statements about their symptoms "can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." 20 C.F.R. § 404.1529(a). The ALJ's decision cited § 404.1529(a) as the regulatory standard, R. 40. But when she reviewed Schnurr's reported symptoms, she concluded that his statements about the intensity, persistence and limiting effects of those symptoms were "not fully supported for the reasons explained in this decision." R. 41. Schnurr contends that the ALJ's use of the "not fully supported" language demonstrates that she applied an erroneously heightened standard in evaluating his subjective symptoms.

The Seventh Circuit has repeatedly criticized the use of boilerplate language such as "not fully supported" or "not entirely consistent" because they imply a stricter standard of consistency than that in § 404.1529(a). *See, e.g.*, *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016); *Gedatus v. Saul*, 994 F.3d 893 (7th Cir. 2021). But the ALJ's use of the misleading boilerplate is not reversible error "if the ALJ otherwise identifies information that justifies the credibility determination." *Moore v. Colvin*, 743 F.3d 1118, 1122 (7th Cir. 2014); *Gedatus*, 994 F.3d at 900. A court may overturn an ALJ's weighing of subjective complaints only if it is "patently wrong." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

Here, the ALJ's analysis of Schnurr's subjective complaints was not patently wrong. The ALJ acknowledged that Schnurr's reported difficulties stooping, handling, and fingering were consistent with the orthopedic consultative examiner's findings of tenderness, decreased hand sensation, and reduced range of motion. R. 43 (citing R. 847–49). But she did not credit Schnurr's testimony about the severity of his symptoms, noting that his complaints were inconsistent with observations from his treating providers of normal back range of motion and normal grip strength and with his own reported ability to do daily tasks such as washing dishes and preparing meals. R. 41–43. Ultimately, the ALJ incorporated some of Schnurr's reported difficulties into his RFC: she limited him to only occasional stooping and no climbing ladders, ropes, or scaffolds. But she did not credit his allegations that he was completely unable to stoop or to handle and finger objects, because those allegations were inconsistent with the weight of the evidence. The ALJ explained how she considered Schnurr's subjective complaints in the context of all the other evidence, so her decision is entitled to deference.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment and close the case.

Entered March 18, 2025.

                                          BY THE COURT:

                                          /s/
                                          _____
                                          JAMES D. PETERSON
                                          District Judge